**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| PEDRO ARAGON<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAM'S WEST, INC *doing business as* Sam's Club #4974<br><br>　　　　Defendant. | Case No. 2:18-cv-01358-RFB-BNW<br><br>**ORDER** |

## I.   INTRODUCTION

Before the Court is Defendant Sam West, Inc's ("Sam's Club") Motion for Summary Judgment. ECF No. 14. The Court denies the motion.

## II.   PROCEDURAL BACKGROUND

Plaintiff Pedro Aragon ("Aragon") sued Sam's Club for negligence stemming from an accident in a Sam's Club store in state court on June 4, 2018. ECF No. 1-1. Sam's Club removed the matter to this Court on July 24, 2018. ECF No. 1. A scheduling order was entered on August 27, 2018, setting discovery to end on January 21, 2019. ECF No. 9. Defendant now moves for summary judgment. ECF No. 14. The motion was fully briefed. ECF Nos. 15, 17.

/ / /

/ / /

/ / /

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.

#### a. Undisputed Facts

Aragon went shopping at Sam's Club on December 3, 2016. Sam's Club requires customers to form a line at the exit to allow its employees to check each customer's receipt prior to exiting the store. Video surveillance shows Aragon in line to exit the store at 12:53 pm, carrying an orange bag under his right arm and a receipt in his left hand. Another customer in front of Aragon was pushing a shopping cart. A third customer behind Aragon was pushing a flatbed cart.

To the left of the exit line is the customer service desk where returns of merchandise are made. A customer needed to return items contained on two flatbed carts. The customer returning the products controlled one flatbed cart, while a Sam's Club employee controlled the other. Both the customer and Sam's Club employee proceeded to cut through the exit line to reach the customer service desk.

The customer in front of Aragon suddenly stopped walking and angled her shopping cart to the side to allow the customer with the flatbed cart items to be returned to cut through the line. She then took two steps backwards. In response, Aragon also took three steps backwards, catching his heel on the corner of the flatbed cart of the customer behind him. Aragon then fell to the ground. Arin Amirkhani, another Sam's Club employee, was at Aragon's location within seconds to assist Aragon in exiting the store. On the day of the fall, Aragon wrote a Customer Incident Statement, which states in part: "[i]n line to exit, two carts with flooring came through the exit line, making the customer in front of me back up. I also backed up/ step to buckle from the cust. cart behind me, causing me to fall back and to my right." Amirkhani,also provided a statement that states in part: "the members trying to leave backed up. [Plaintiff] stepped backwards and tripped over the flatbed." No warning was given to the customers in line that the flatbed carts were about to enter

through the exit door. Sam's Club has no training as it pertains to pushing large flatbed carts through the exit line or to the exit line at all.

### b. Disputed Facts

The parties primarily dispute the legal effect of the circumstances.

## IV. LEGAL STANDARD

### a. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

Aragon asserts a single claim against Sam's Club: negligence in the premise liability context. Sam's Club moves for summary judgment on the claim, arguing that Aragon has failed to demonstrate that Sam's Club had a duty to warn him of customers using flatbed carts or breached

/ / /

any other duty to Aragon. The Court finds that genuine issues of material fact preclude the granting of summary judgment in this matter.

Under Nevada law, a plaintiff must prove four elements to show negligence : (1) the defendant owed a duty to the plaintiff to exercise due care; (2) the defendant breached the duty; (3) the breach was the actual and the proximate cause of the plaintiff's injury; and (4) the plaintiff was damaged. Joynt v. California Hotel & Casino, 835 P.2d 799, 801 (Nev. 1992). "[A] business owner owes its patrons a duty to keep the premises in a reasonably safe condition for use." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993). "In a negligence action, the question of whether a duty to act exists is a question of law solely to be determined by the court." Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001). Breach and proximate cause are generally questions of fact for the jury. Foster v. Costco Wholesale Corp., 291 P.3d 150, 153 (Nev. 2012); see also Lee, 22 P.3d at 212 (Nev. 2001). To establish entitlement to judgment as a matter of law, Sam's club must negate at least one of the elements of negligence. Foster, 291 P.3d at 153. A negligent defendant is responsible for all foreseeable consequence caused by the negligent actions. Taylor v. Silva, 615 P.2d 970, 971 (Nev. 1980).

The Court finds that a reasonable factfinder could conclude that Sam's Club breached its duty to provide a reasonably safe environment for its patrons by its failure to implement policies and safety procedures regarding traffic around the exit line of the store. It is undisputed that the unidentified customer who cut through the exit line at the store did so at the direction of a Sam's Club employee. See Dep. James Reyes, 16:15-19. It is also undisputed that Sam's Club does not have safety procedures regarding its exit line and other incoming traffic around the exit line. Sam's Club argues that it is not a foreseeable consequence that allowing customers to use flatbed shopping carts would result in a customer tripping over a cart while waiting in line at an exit. The Court finds that this argument strains credulity. It is of course foreseeable that customers using flatbed shopping carts in crowded areas of a store could create conditions in which other customers could trip over said carts. Sam's Club argues that it does not have a duty to warn customers of flatbed carts, to prohibit customers from using flatbed carts, or to provide better access to the customer service desk so that members may return merchandise without running into traffic at an

exit line. But the relevant inquiry is not whether Sam's club has a specifically defined duty to do any of those things , but rather, whether Sam's Club failure to implement any of the policies stated above could be considered a breach of its general duty to keep the store in a reasonable safe condition for its customers. These are questions of fact, not of law. See Sprague, 849 P.2d at 323 (holding that it was a question of fact for a jury to determine whether failure of store to use skid mats to prevent falls in produce section of store breached store's duty of reasonable care).

Furthermore, to the extent that Aragon backed up without looking behind him, the Nevada Supreme Court has already found that a court cannot conclude as a matter of law that a person was negligent in taking a step back without looking. Joynt, 835 P.2d at 802. The Court also agrees with Aragon that the cases Sam's Club cites to support its argument that summary judgment has been granted in similar cases—in addition to being from other jurisdictions and thus not binding on this Court—are inapposite to this case.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Sam West, Inc's Motion for Summary Judgment (ECF No. 14) is denied in its entirety. The parties are directed to submit a joint pretrial order within 30 days of the date of this order.

DATED: September 15, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**